CITY OF GULFPORT v. JACK MARTIN

[50 South. 502.]

CRIMINAL LAW AND PROCEDURE. *Having intoxicating liquors for unlawful sale. Code* 1906, § 1797. *Laws* 1908, *p.* 116, *ch.* 114, *sec.* 1. *Municipal ordinance adopting statute. Sufficiency of charge. Immaterial how liquors obtained.*

Under Code 1906, § 1797, as amended, Laws 1908, p. 116, ch. 114, sec. 1, making it a misdemeanor to have intoxicating liquors in

possession for the purpose of unlawfully selling or giving away the same, it is unnecessary for an affidavit or indictment charging the offense to aver how the liquors were received; and where a city by ordinance has adopted the statute as defining a municipal offense, it is needless in charging a violation of the ordinance to aver anything touching the reception of the intoxicants.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Martin, appellee, was tried and convicted in the municipal court of Gulfport for the violation of a city ordinance adopting the statute, Code 1906, § 1797, as amended Laws 1908, p. 116, ch. 114, § 1, prohibiting the having of intoxicating liquors in possession for the purpose of unlawfully selling or giving away the same. He appealed from the conviction to the circuit court of the county and there demurred to the affidavit on which the prosecution was based. The circuit court sustained the demurrer, holding that the affidavit was defective because it failed to charge that the defendant had received the liquor from a common carrier, collect on delivery, or with bill of lading attached. The city appealed to the supreme court.

*John L. Heiss,* for appellant.

By ordinance Gulfport has adopted the satute, Code 1906, § 1797, as amended by Laws 1908, p. 116, ch. 114, § 1, and the affidavit to which the court below sustained a demurrer is as broad as the statute. It fully, as does the statute, advised the defendant of the nature of the charge and set out all the constituent elements of the offense. This was sufficient. *Jesse v. State,* 28 Miss. 100, and the many subsequent decisions of this court approving and following that case.

The trial judge was misled by the title to the act of 1908; but an accurate construction of the title itself leads to an opposite conclusion from the one reached by the court below. 26 Am. & Eng. Ency. of Law (2d ed.) 570, 572, 591.

*J. H. Mize,* for appellee.

The legislature of 1908 grouped all intoxicating liquors, shipped into the state C. O. D., or with bill of lading attached into one chapter and the whole chapter applies only to liquors so shipped into the state. Code 1906, §§ 1795, 1796, and 1798, all expressly relate only to liquors so shipped, and section 1797 plainly has reference only to the same subject matter as the section preceding and the one following it. The title to the act of 1908 is confirmatory of the appellee's position. The affidavit was therefore fatally defective, and was subject to demurrer, because it does not charge that the liquors were shipped into this state C. O. D., or with bill of lading attached, nor does it aver how appellee gained possession of the "goods."

MAYES, J., delivered the opinion of the court.

The affidavit in this case charges that the defendant "did unlawfully and willfully have in his possession intoxicating liquors with the intent and for the purpose of selling same in violation of law." It is shown that by ordinance the city of Gulfport has adopted the state law on this subject.

Under Code 1906, § 1797, as amended by Laws 1908, p. 116, ch. 114, § 1, it is provided that: "It shall be unlawful for any person in this state to have in his possession any intoxicating liquors with the intention or for the purpose of selling the same or giving it away in violation of law. Any one violating this section shall, upon conviction for such offense, be punished by a fine not less than ten dollars nor more than one hundred dollars, or be imprisoned in the county jail not exceeding thirty days or by both such fine and imprisonment." In an affidavit or indictment, under this section, it is not necessary to allege more than the statute fixes as constituting the crime; that is, it is only necessary to allege that the party charged had "in his possession intoxicating liquors with the intent or purpose of selling same or giving it away in violation of law." And it can make no dif-

ference in what manner he obtained the liquors; that is to say, it is not an element of the offense that they were obtained C. O. D., or with bill of lading attached.

The holding of the court below that an allegation that the liquors were received C. O. D., or with bill of lading attached, was essential to charge an offense under this section, was error.

*Reversed.*